ORIGINAL
FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUL 3 1 2008

JAMES N. HATTEN, Clerk
By: Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

EDWARD CUROTT, SR. and-
COLLEEN CUROTT,

Plaintiffs,

v.

DAVOL, INC. and C.R. BARD, INC.,

Defendants.

CIVIL ACTION FILE

NO. 1 08-CV-2456

DEMAND FOR JURY TRIAL WSD

# COMPLAINT

## PARTIES

1. Plaintiff EDWARD CUROTT, SR. is an individual over 19 years of age and a resident citizen of Barrow County, Georgia. Plaintiff COLLEEN CUROTT is an individual over 19 years of age and a resident citizen of Barrow County, Georgia.

2. Defendant, DAVOL, INC., ("DAVOL") is incorporated under the laws of the State of Delaware. DAVOL has its principal place of business in the State of Rhode Island. It manufactures the Composix® Kugel Mesh Patches ("Kugel Patch") at 100 Sockanosset Crossroad, Cranston, Rhode Island. DAVOL

specializes in surgery products utilized in hernia repair, hemostatis, orthopedics, and laparoscopy.

3. Defendant, DAVOL, INC., may be served with process, pursuant to Rule 4 of the Federal Rules of Civil Procedure through its registered agent, CT Corporation System, 10 Weybosset Street, Providence, Rhode Island 02903.

4. Defendant, C.R. BARD, INC., ("BARD") is incorporated under the laws of the State of New Jersey. It is the corporate parent/stockholder of DAVOL and participates in the manufacture and distribution of the Kugel Patch. It also manufactures and supplies DAVOL with material that forms part of the Kugel Patch. At all times relevant hereto DAVOL and BARD transacted business in the Northern District of Georgia, and continue to sell the "Kugel Patch" throughout Georgia, including the Northern District.

5. Defendant, C.R. BARD, Inc., may be served with process, pursuant to Rule 4 of the Federal Rules of Civil Procedure, through its registered agent, Corporation Process Company, 180 Cherokee Street, NE, Marietta, Georgia 30060.

## JURISDICTION

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332 in that the amount in controversy exceeds seventy-five thousand dollars

($75,000), exclusive of interest and costs, and Plaintiffs and Defendants are resident citizens of different states.

7. Venue in this Court is proper pursuant to 28 U.S.C. §1391 in that substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District, and Defendants are subject to personal jurisdiction in this district.

**FACTS**

8. Defendant DAVOL designed, manufactured, and distributed the Kugel Patch, a hernia mesh patch that was inserted into Mr. Curott's body.

9. Defendant DAVOL, through its agents, servants and employees, participated in the manufacture and delivery of the Kugel Patch that was inserted into Mr. Curott's body.

10. The Defendants submitted their 510k Application to the Federal Drug Administration (hereinafter referred to as the "FDA") on January 22, 2001. Following this 510k Application the Kugel Patch was authorized by the FDA as a Class II medical device.

11. Mr. Curott underwent surgery on August 8, 2006 at St. Mary's Hospital in Athens, Georgia. The operative report states that the operation performed was a "laparoscopic ventral hernia repair with mesh". The report

further states: "There were no bowel adhesions to the abdominal wall. The defect was then examined. Large midline defect was identified...A 20 x 14 cm Kugel patch type mesh was then introduced into the abdomen through the largest port...No complications"

12. The progress notes from the surgery identify the Kugel patch as a large oval, size 13.8cm x 17.8cm, REF 0010202, LOT 43FQD735.

13. Subsequently, Mr. Curott has noticed problems associated at the site of the hernia repair and inserted mesh. Test procedures have revealed that the mesh has detached from left inferior portion.

14. Mr. Curott has had evaluations by his surgeon, and at this point the surgeon is of the opinion that the risk of removal of the patch outweighs the risk of leaving it in place. (During the time following the August, 2006 hernia repair and the problems associated with the mesh, Mr. Curott suffered a heart attack and required a stenting procedure).

15. Plaintiff Edward Curott has suffered and will continue to suffer physical pain and suffering, as well as severe mental anguish. Colleen Curott has endured, and will continue to endure, loss of consortium.

16. Mr. Curott has incurred substantial medical bills and lost wages.

17. The Kugel Patch hernia repair product implanted in Mr. Curott was designed, manufactured, sold and distributed by DAVOL to be used by surgeons for hernia repair surgeries and was further represented by DAVOL to be an appropriate, cost-effective and suitable product for such purpose.

18. FDA Class I recalls are issued for problems related to medical devices that are potentially life-threatening or could cause a serious risk to health.

19. On December 22, 2005, DAVOL recalled many sizes of Kugel Patches under a Class I recall notice.

20. The Kugel Patch was recalled due to a faulty "memory recoil ring" that can break under pressure. Incidents of ring migration, intentional fistulae, bowel perforation and even death have been reported.

21. On March 31, 2006, the initial Class I recall on the Kugel Patch was expanded to include other types of Kugel Patch grafts used in hernia repair.

22. DAVOL also issued an alert to healthcare professionals on March 24, 2006 with advice regarding patients who may have the Bard Composix Kugel Mesh Patch. In the letter, DAVOL urged any physicians or surgeons whose patients had been given the Bard Composix Kugel Mesh Patch to identify those patients, communicate the dangers about the patch with them, examine them for

any reactions, evaluate their situation before and after removing the patch, and report any findings to DAVOL and the FDA.

23. On January 10, 2007, DAVOL/BARD expanded an earlier recall to include all lot numbers of product codes of 0010202, 0010204, 0010206, 0010207, 0010208, and 0010209 (covering six size categories, including the size used in Mr. Curott).

24. DAVOL and BARD withdrew a large number of Kugel Patches as a result of the high complication and failure rate of the product.

25. Upon information and belief DAVOL and BARD failed to comply with the FDA application and reporting requirements.

26. Upon information and belief DAVOL and BARD were aware of the high degree of complication and failure rate associated with their Kugel Patch before it was recalled.

27. Upon information and belief DAVOL and BARD were aware of the defect in manufacture and design prior to the recall of their Kugel Patch.

**COUNT I**

**Negligence**

28. The Plaintiffs hereby adopt and incorporate by reference all the above allegations.

29. Defendants DAVOL and BARD were negligent in the following respects:

30. DAVOL and BARD at all times mentioned had a duty to properly manufacture, test, inspect, package, label, distribute, market, examine, maintain, supply, provide proper warnings and prepare for use the Kugel Patch.

31. DAVOL and BARD at all times herein knew of, in the exercise of reasonable care should have known, that the Kugel Patches were of such a nature that they were not properly manufactured, tested, inspected, packaged, labeled, distributed, marketed, examined, sold, supplied, prepared and/or provided with the proper warnings, and were likely to injure the Kugel Patch's users.

32. DAVOL and BARD so negligently and carelessly designed, manufactured, tested, failed to test, inspected, failed to inspect, packaged, labeled, distributed, recommended, displayed, sold, examined, failed to examine, and supplied the Kugel Patch, that they were dangerous and unsafe for the use and purpose for which they intended.

33. DAVOL and BARD were aware of the probable consequences of the Kugel Patch. DAVOL and BARD knew of or should have known the Kugel Patch would cause serious injuries, yet they failed to disclose the known or knowable risks associated with the Kugel Patch. DAVOL and BARD willfully and

deliberately failed to avoid those consequences, and in doing so, DAVOL and BARD acted in conscious disregard for the safety of Plaintiff.

34. Defendants DAVOL and BARD owed a duty to Plaintiff to adequately warn him and his treating physicians, of the risks of breakage, separation, tearing and splitting associated with the Kugel Patch and the resulting harm and risk it would cause patients.

35. Defendants DAVOL and BARD breached their duty by failing to comply with state and federal regulations concerning the study, testing, design, development, manufacture, inspection, production, advertisement, marketing, promotion, distribution, and/or sale of the Kugel Patch.

36. As a direct and proximate result of the duties breached by both Defendants, the Kugel Patch used in Plaintiff's hernia repair surgery failed, resulting in the serious injuries to Plaintiff.

37. DAVOL's and BARD's conduct in continuing to market, sell, and distribute the Kugel Patch after obtaining knowledge they were defective, reflects a callous or a conscious disregard for the safety of others, justifying an award of punitive damages for aggravating circumstances in such a sum which will serve to deter DAVOL and BARD from similar conduct in the future.

38. As a direct and proximate result of the actions and inactions of the Defendants as set forth above, Plaintiff has sustained injuries and is entitled to damages enumerated below.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendants for compensatory and punitive damages in an amount to be determined by the jury to be necessary and just, plus costs.

**COUNT II**

**Failure to Warn**

39. The Plaintiffs hereby adopt and incorporate by reference all the above allegations.

40. In the course of business, DAVOL and BARD designed, manufactured and sold the Kugel Patch for hernia repair surgeries.

41. At the time of the design, manufacture and sale of the Kugel Patch, and more specifically at the time Mr. Curott received the Kugel Patch, the patch was defective and unreasonably dangerous when put to its intended and reasonably anticipated use. Further, the Kugel Patches, including the one implanted in the Plaintiff, were not accompanied by proper warnings regarding significant adverse consequences associated with the Kugel Patch.

42. BARD and DAVOL failed to provide any warnings, labels or instructions of its dangerous propensities that were known or reasonably scientifically knowable at the time of distribution. The reasonably foreseeable use of the products involved significant dangers not readily obvious to the ordinary user of the products. BARD and DAVOL failed to warn of the known or knowable injuries associated with malfunction of the Kugel Patch, including but not limited to rupture of the Patch and severe peritonitis and infection which would require subsequent surgical procedures and could result in severe injuries.

43. The dangerous and defective conditions in the Kugel Patches existed at the time they were delivered by the manufacturer to the distributor. At the time Plaintiff had his hernia repair surgery, the Kugel Patch was in the same condition as when manufactured, distributed and sold.

44. Neither Plaintiff nor his physicians knew of the defects in the Kugel Patch at the time it was implanted.

45. Plaintiff suffered the aforementioned injuries and damages as a direct result of DAVOL and BARD's failure to warn.

46. As a direct and proximate result of the actions and inactions of the Defendants as set forth above, Plaintiff has sustained injuries and is entitled to damages enumerated below.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendants, for compensatory and punitive damages in an amount determined by the jury to be necessary and just, plus costs.

**COUNT III**

**Breach of Warranty of Merchantability**

47. The Plaintiff hereby adopts and incorporates by reference all of the above allegations.

48. When Defendants placed the Kugel Patch into the stream of commerce, it knew that the device would be used to treat patients who were having hernia repair, and expressly and impliedly warranted to the Plaintiff and others that use of the device was safe, acceptable, and would assist in the healing of surgical procedures.

49. Plaintiff reasonably relied upon the expertise, skill, judgment, and knowledge of the Defendants, and upon the express and/or implied warranty that the Kugel Patch was of merchantable quality and fit for the use of which it was designed.

50. In fact, the Kugel Patch was not of merchantable quality and was not safe or fit for its intended use because it was unreasonably dangerous and unfit for

the ordinary purpose for which it was used, because it caused injuries and damages to the Plaintiff as previously described herein.

51. As a direct and proximate consequence of the actions and conduct of the Defendants, Plaintiff has sustained injuries and is entitled to damages set forth below.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendants, for compensatory and punitive damages in an amount determined by the jury to be necessary and just, plus costs.

**COUNT IV**

**Fraud - Suppression and Misrepresentation**

52. The Plaintiff hereby adopts and incorporates by reference all of the above allegations.

53. The Defendants breached their duty to disclose to Plaintiff (including those duties established under 21 C.F.R.§§ 1.21, 99.101; 201.56; 201.57; 310.303; 314.70; 318.80; and 314.81 as well as under the other laws of the State of Georgia and others) by willfully and recklessly providing false, incomplete and misleading information regarding the Kugel Patch, and the Defendants acted with deliberate intent to deceive and mislead Plaintiff, as well as his physicians, who Defendants

knew would be relying on Defendants to convey accurate and complete safety information on the device.

54. Plaintiff and his physicians reasonably relied upon these inaccurate and fraudulent misrepresentations, and relied upon the absence of adverse safety information about the Kugel Patch, which the Defendants did suppress, conceal, or fail to disclose, and suffered damage and injury as a result thereof.

55. As a direct and proximate result of the Defendant's willful, fraudulent and intentional misrepresentations, made with the intent to deceive Plaintiff and others, Plaintiff suffered severe injuries; physical pain and suffering; mental pain and suffering; impairment; disability; disfigurement; loss of capacity for the enjoyment of life; lost earnings and lost earnings capacity; expense of hospitalization, medical, and nursing care and treatment and medical monitoring; fear and mental anguish concerning future medical problems, including, but not limited to those associated with his injuries; and as otherwise set forth in this Complaint.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendants, for compensatory and punitive damages in an amount determined by the jury to be necessary and just, plus costs.

## COUNT V

### Loss of Consortium

56. Plaintiff Colleen Curott claims damages for loss of consortium as a consequence of the injuries sustained by her husband, which were caused by the defective Kugel Patch.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendants, for compensatory and punitive damages in an amount determined by the jury to be necessary and just, plus costs.

### Demand for Jury Trial

PLAINTIFF REQUESTS A TRIAL BY JURY ON ALL COUNTS.

Dated: 30th of July, 2008.

W. Lewis Garrison, Jr. [signature]

W. Lewis Garrison, Jr.
Georgia Bar Number: 286815
HENINGER GARRISON DAVIS, LLC
2224 First Avenue North
Birmingham, AL 35203
Tel: (205) 326-3336
Fax: (205) 326-3332
E-mail: wlgarrison@hgdlawfirm.com
wlbross@hgdlawfirm.com

James M. Poe
Georgia Bar Number 582725
Warshauer Poe & Thornton, P.C.
Suite 2000
3350 Riverwood Parkway
Atlanta, GA 30339
Tel: (404) 892-4900
Fax: (678) 623-3384
E-mail: jpoe@warpoe.com

## CERTIFICATE OF FONT SIZE

Pursuant to L.R. 7.1D NDGa, I hereby certify that this document was prepared in Times New Roman, Font 14 point.

**HENINGER GARRISON DAVIS, LLC**

W. Lewis Garrison, Jr.
Georgia Bar Number 286815

2224 First Avenue North
Birmingham, AL 35203
205-326-3336
205-326-3332 - Fax
wlgarrison@hgdlawfirm.com
wlbross@hgdlawfirm.com

**WARSHAUER POE & THORNTON, P.C.**

James M. Poe
Georgia Bar No.: 582725

Suite 2000
3350 Riverwood Parkway
Atlanta, GA 30339
404-892-4900
678-623-3384 – Fax
jpoe@warpoe.com

Attorneys for Plaintiffs